### THE IBERIA.[1]

### FABRE *et al.* v. CUNARD S. S. Co.

*(District Court, E. D. New York. May 15, 1891.)*

COLLISION—DAMAGES—LOSS OF EXISTING CHARTER.
 A vessel, under a charter which ended at New York, was sunk by collision before reaching her port of destination. Awaiting her at New York was a second charter from that port to Cadiz. The commissioner, in assessing damages against the colliding vessel, declined to allow as an item thereof the freight which the vessel would have earned on the second voyage. *Held*, that such freight was a proper item of the damages recoverable against the colliding vessel.

In Admiralty. On exceptions to commissioner's report.
*R. D. Benedict*, for libelants.
*Owen, Gray & Sturges*, for respondent.

BENEDICT, J. This case comes before the court upon exceptions taken by each party to the report of the commissioner to whom it was referred to ascertain the damage sustained by the libelants by the sinking of the steamer Iberia in a collision with the steam-ship Umbria. The principal objection to the report is that taken by the libelants upon the ground

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

of the rejection by the commissioner of any allowance for the loss of freight which the steamer would have earned under a charter which had been effected on October 27, 1888, in anticipation of her arrival in New York, upon the completion of the charter, from New York to Aden and back to New York, under which she was sailing to New York at the time she was sunk and became a total loss. Evidence was introduced before the commissioner showing that at the time of the sinking of the Iberia by the collision in question there was awaiting her in New York a charter-party, executed October 27, 1888, for a voyage from New York to Cadiz to carry a cargo of tobacco and small stowage. That tobacco and staves had been actually engaged for such a voyage, on which she would have earned a gross freight of $11,603.53. The commissioner declined to allow the amount of freight that would have been earned by the steamer under the charter from New York to Cadiz, upon the ground that she became a total loss by means of the collision in question, and in such case the liability of the offending party ends with payment of total loss, with interest from the time of loss.

I am unable to agree with the commissioner in this conclusion. The rule of *restitutio ad integrum* is applied to losses caused by collision, as also the rule that nothing can be allowed for damage that is uncertain, speculative, and remote. In this case there is nothing uncertain, speculative, or remote in the claim for the freight that had been actually contracted for the Iberia under the charter from New York to Cadiz. The voyage had been determined on, the charter-party had been executed, and the cargo had been engaged; and it is certain that, but for the collision in question, the Iberia would have earned for her owners, under the charter to Cadiz, a sum that is capable of computation. If, at the time of her loss, the ship had been engaged in performing a charter from Aden to New York and back to Cadiz, the loss of freight on the voyage to Cadiz would have been recoverable; and it is not seen how any difference arises from the fact that at the time of the loss she was chartered for the same voyage by two charter-parties instead of one. The ship at the time of her destruction was not only performing the charter from New York to Cadiz, but she was also proceeding to New York for the purpose of taking on board the cargo which it had been agreed she should carry to Cadiz, and which was then awaiting her arrival. The freight that the ship would have earned on that voyage seems, therefore, to me to have been actually lost by reason of the collision, and I am unable to discover any ground for rejecting any part of an actual loss which the libelant sustained by reason of the destruction of his ship. Courts of admiralty, which are courts of equity, are not more restricted in the matter of damages than are the courts of common law; and the rule of courts of common law, as stated in Addison on Torts, (volume 2, § 1391,) is as follows:

"Although a plaintiff is not to be compensated for uncertain and doubtful consequences which may never ensue, yet he is entitled to compensation for losses which will almost to a certainty happen."

This case comes within that rule. It seems strange to say that the fact that the ship became a total loss by reason of the defendant's negligence prevents the libelants from recovering of the defendant freight which his ship would have earned but for her loss. I am aware that the adjudged cases are not in entire harmony upon the point under consideration, but I think the following cases, namely, *The Freddie L. Porter*, 5 Fed. Rep. 822; *The Canada*, Lush. 586; *The Consett*, 5 Marit. Law Cas. 34n; *The Star of India*, 1 Prob. Div. 466; *The Mary Steele*, 2 Low. 370; *The Belgenland*, 36 Fed. Rep. 504,—afford support for a decision, which appears to me to be the only just decision in this case, that the loss of the freight which the ship would have earned on the voyage from New York to Cadiz should be included in the recovery. The second exception taken by the libelant is therefore allowed, and the case will be referred back to the commissioner to ascertain and report the amount of loss actually sustained by the libelant by reason of having been prevented from performing the charter from New York to Cadiz, which had been executed on October 24, 1888. The other exceptions taken by the libelants are overruled, as are also the exceptions taken by the respondent.